# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TEXARKANA DIVISION

| | |
|---|---|
| NICKY JOE HIGNIGHT, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> DEREK EDGE, § <br> § <br> Defendant. § | CIVIL ACTION NO. 5:17-CV-00119-RWS |

**ORDER ADOPTING AND OVERRULING OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Nicky Joe Hignight, an inmate confined within the Bureau of Prisons, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Docket No. 1. The Court referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge for consideration pursuant to 28 U.S.C. §636(b)(1) and (3). The Magistrate Judge has submitted a Report and Recommendation ("Report") recommending that the petition for writ of habeas corpus be dismissed. Docket No. 3 at 3. Petitioner filed objections to the Report and Recommendation. Docket No. 20. The Court reviews the objected-to portions of the Report *de novo*. Fed. R. Civ. P. 72(b)(3).

After being convicted of conspiring to possess methamphetamine with the intent to distribute, Petitioner was found to be a career offender for the purposes of § 4B1.1 of the United States Sentencing Guidelines. Docket No. 1 at 9–10. He asserts that based on recent decisions from the Supreme Court and the United States Court of Appeals for the Fifth Circuit, he should no longer be considered a career offender. *Id.* at 10–11. The Magistrate Judge concluded that, because Petitioner is contesting the sentence he received for his conviction rather than his

conviction itself, his ground for review is not cognizable in a petition filed pursuant to 28 U.S.C. § 2241. Docket No. 3 at 3.

Petitioner objects to the Magistrate Judge's statement that a challenge to the validity of a career-offender enhancement is not the type of claim that warrants relief under § 2241. Docket No. 5 at 1. He asserts this statement obscures the true scope of the miscarriage of justice he has suffered. *Id.* at 1–2. He states he is not merely asserting that the Guidelines were misapplied in his case. *Id.* at 2. Instead, he contends his sentence was based on a miscarriage of justice and deprivation of due process which rises to the "equivalent of a nonexistent offense" and that the authorities relied upon by the Magistrate Judge do not reflect the evolving body of doctrine addressing the savings clause of 28 U.S.C. § 2255. *Id.* at 2–3.

A prisoner may only utilize § 2241 to challenge a federal criminal conviction if the remedy provided for in 28 U.S.C. § 2255 is ineffective or inadequate to test the legality of his detention. The remedy provided for in § 2255 has been found to be ineffective to challenge the legality of a prisoner's detention only where the prisoner is asserting a ground for review that (1) is based on a Supreme Court decision that applies retroactively on collateral review and establishes he may have been convicted of a nonexistent offense and (2) was foreclosed by applicable circuit law at the time it could have been asserted at trial, on direct appeal or in a first motion to vacate filed pursuant to § 2255. *Reyes-Requena v. United States*, 243 F.3d 893, 894 (5th Cir. 2001).

The Court acknowledges the United States Court of Appeals for the Sixth Circuit has held that § 2241 may be used to challenge a sentence, as opposed to a conviction. *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016). However, this Court is bound by decisions of the Fifth Circuit, specifically, in this case, the decision in *Kinder v. Purdy*, 222 F.3d 209 (5th Cir. 2000). In *Kinder*, the petitioner, like the current petitioner, was determined to be a career offender under §4B1.1 of

the Guidelines. *Id.* at 213. He sought relief under § 2241 based on the argument that as a result of intervening case law, he should no longer be considered a career offender. *Id.* However, the Fifth Circuit rejected this argument, stating a claim that a defendant is actually innocent of being a career offender is not the type of claim that warrants review under § 2241. *Id.*

Because Petitioner is attempting to use § 2241 to challenge the sentencing court's conclusion that he was a career offender, *Kinder* controls the resolution of this matter. Accordingly, the Magistrate Judge's statement that a challenge to the validity of a career offender determination is not that type of claim that warrants relief under § 2241 is correct. Petitioner's objections are therefore without merit.

Accordingly, Petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the Court **ADOPTS** the Report of the Magistrate Judge as the opinion of this Court. A final judgment will be entered in accordance with the Magistrate Judge's recommendation.

**SIGNED this 21st day of August, 2017.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE